UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO ARCHER,<br>aka RICKY THOMAS,<br><br>    Petitioner,<br><br>  v.<br><br>DEPARTMENT OF HEALTH,<br><br>    Respondent. | 1:07-CV-00012 LJO SMS HC<br><br>ORDER GRANTING PETITIONER'S<br>MOTION FOR RECONSIDERATION<br>[Doc. #12]<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR APPOINTMENT OF COUNSEL<br>[Doc. #12] |

  Petitioner, serving a civil commitment, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On December 20, 2006, Petitioner filed a motion for the appointment of counsel. The Court denied the motion on February 14, 2007. On February 27, 2007, Petitioner filed the instant motion for reconsideration. Petitioner argues he is not a state prisoner; rather, he is serving a civil commitment in the Department of Health after being found not guilty by reason of insanity in the Solano County Superior Court.

  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Good cause having been shown and good cause appearing therefor, Petitioner's motion for reconsideration is granted. The initial designation of Petitioner being a state prisoner was made based on Petitioner's address of record, that being a state prison. Therefore, the docket and record in this matter will reflect that Petitioner is serving a civil commitment, not a state prison sentence.

Petitioner also moves for reconsideration of the order denying appointment of counsel. As stated in said order, there exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In this case, the Court does not find that the interests of justice would be served by the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for reconsideration is GRANTED; and

2) Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:    March 16, 2007**                    **/s/ Sandra M. Snyder**
icido3                                                     UNITED STATES MAGISTRATE JUDGE